**Marcelene HELTON, Widow of Garland Helton, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES, Respondent.**

No. 02–3548.

United States Court of Appeals, Sixth Circuit.

March 7, 2003.

Before MARTIN, Chief Judge;
ROGERS, Circuit Judge; and
EDMUNDS, District Judge.*

*ORDER*

Marcelene Helton, a Kentucky citizen, petitions pro se for review of a decision of the Benefits Review Board affirming the denial of her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(*l*), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mrs. Helton is the widow of a coal miner. The miner filed a claim for black lung benefits during his lifetime, which was denied. He died in 1995, at the age of 69, and Mrs. Helton filed a claim for survivor's benefits. Her claim was denied in 1998. Within one year, she filed a request for modification, pursuant to 20 C.F.R. § 725.310. The case was reviewed and again denied at the administrative level. A hearing was held before an administrative law judge (ALJ), who again denied the claim. The Benefits Review Board affirmed that decision, and denied Mrs. Helton's motion for reconsideration. This timely petition for review followed. The main argument raised by Mrs. Helton in her brief is that a doctor's report was erroneously excluded from consideration.

Upon careful consideration, we conclude that the petition for review of the denial of black lung benefits in this case must be denied, because the decision below is supported by substantial evidence and consistent with the applicable law. *Y & O Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995).

In order to be entitled to survivor's benefits. Mrs. Helton was required to establish that pneumoconiosis caused or hastened the miner's death. *Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 816 (6th Cir.1993). Mrs. Helton was required to prove her case by a preponderance of the evidence. *Director, OWCP v. Greenwich Collieries*, 512 U.S. 267, 273, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994). In this case, the ALJ correctly noted that the only evidence relevant to the cause of the miner's death was the death certificate, which noted that he died from widely metastatic bladder cancer, with other significant contributing conditions of hepatic encephalopathy and diabetes. There was no evidence that the miner's death was caused or

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

hastened by pneumoconiosis. Mrs. Helton argues on appeal that a doctor's report was excluded from consideration. Although she does not identify the report in her brief, it is assumed that it is the same report she complained was not considered when appealing to the Benefits Review Board. That report, from Dr. Bangudi, was prepared in 1990, and obviously does not address the issue of the cause of the miner's death five years later.

Because there is no evidence that pneumoconiosis played a role in the miner's death, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.